UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701, | ) ) ) ) ) | Case No: _____ |
| Plaintiff, | ) ) | **COMPLAINT FOR** |
| v. | ) ) | **DECLARATORY AND** |
| U.S. FISH AND WILDLIFE SERVICE, 1849 C Street, N.W. Washington, DC 20240, | ) ) ) ) ) | **INJUNCTIVE RELIEF** |
| MARTHA WILLIAMS, in her official capacity as acting Director of the U.S. Fish and Wildlife Service, 1849 C Street, N.W. Washington, DC 20240, | ) ) ) ) ) ) | |
| and | ) ) | |
| SECRETARY, U.S. DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W. Washington, DC 20240, | ) ) ) ) ) | |
| Defendants. _____ | ) ) | |

## INTRODUCTION

1.     This lawsuit concerns defendants' failure to carry out their mandatory duties

under the Endangered Species Act, 16 U.S.C. § 1531-1544 ("ESA" or "Act"). The lead

defendant in this matter, the U.S. Fish and Wildlife Service, ("the Service"), has failed to classify

nine species as endangered or threatened, and has failed to designate "critical habitat" for 10

listed species, as mandated under section 4 of the ESA. 16 U.S.C. § 1533(b)(3), (5). These 19

species include five insects, 11 plants, a mammal, and two aquatic species that are at risk of extinction due to habitat degradation and destruction, climate change, and other threats.

2.      Therefore, plaintiff the Center for Biological Diversity ("Center"), a national nonprofit conservation organization, brings this action under the ESA's citizen-suit provision, *id*. § 1540(g)(1), to obtain remedies for defendants' failures to comply with the law by directing them to issue the overdue findings by Court-ordered deadlines.

3.      Specifically, the Center seeks enforceable deadlines for defendants: (1) to publish overdue "12-month" listing determinations for the Mojave poppy bee, Las Vegas bearpoppy, Gulf Coast solitary bee, and the Bethany Beach firefly as endangered or threatened; (2) publish final rules listing the Franklin's bumble bee, Sierra Nevada red fox, and Bartram's stonecrop; (3) publish final rules listing and designating critical habitat for the Hermes copper butterfly and Beardless chinchweed; (4) designate critical habitat for the Big Pine partridge pea, Blodgett's silverbush, sand flax, wedge spruge, Everglades bully, Florida pineland crabgrass, Florida prairie-clover, Pineland sandmat, and Pearl darter; and (5) publish a final rule implementing the Service's designation of critical habitat for the Suwannee moccasinshell.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g)(1)(C) (action arising under ESA citizen suit provision) and 28 U.S.C. § 1331 (federal question jurisdiction).

5.      The Court may grant the relief requested under the ESA, 16 U.S.C. § 1540(g) and 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief).

6.      The Center provided 60 days' notice of the violations alleged herein by letters to defendants dated January 6, 2021 (Big Pine partridge pea, Blodgett's silverbush, sand flax,

wedge spurge, Everglades bully, Florida pineland crabgrass, Florida prairie-clover, and pineland sandmat); January 7, 2021 (Mojave poppy bee, Las Vegas bearpoppy, Gulf Coast solitary bee, Bethany Beach firefly, and Franklin's bumble bee); January 12, 2021 (Suwannee moccasinshell); January 15, 2021 (Hermes copper butterfly, a "distinct population segment" or "DPS" of the Sierra Nevada red fox, Bartram's Stonecrop, and beardless chinchweed); and January 19, 2021 (Pearl darter). Defendants have not remedied their continuing ESA violations by the date of this Complaint. Therefore, an actual controversy exists between the parties under 28 U.S.C. § 2201.

7.      The federal government has waived sovereign immunity in this action pursuant to 16 U.S.C. § 1540(g) and 5 U.S.C. § 702.

8.      Venue is proper in the United States District Court for the District of Columbia pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e) because defendants reside in the district and a substantial part of the events giving rise to the Center's claims occurred in this district.

## PARTIES

9.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a nonprofit organization that works through science, law, and creative media to secure a future for all species, great or small, hovering on the brink of extinction. The Center is incorporated in California and headquartered in Tucson, Arizona, with field offices throughout the United States and Mexico, including in Washington, D.C. The Center has over 84,000 members. The Center and its members are concerned with the conservation of imperiled species, including the ones at issue in this suit, and with the Service's effective implementation of the ESA.

10.      The Center's members and staff include individuals with a broad range of scientific, professional, educational, recreational, aesthetic, moral, and spiritual interests in the

Suwannee moccasinshell, Big Pine partridge pea, Blodgett's silverbush, sand flax, wedge spurge, Everglades bully, Florida pineland crabgrass, Florida prairie-clover, Pineland sandmat, Mojave poppy bee, Las Vegas bearpoppy, Gulf Coast solitary bee, Bethany Beach firefly, Franklin's bumble bee, Pearl darter, Hermes copper butterfly, Sierra Nevada red fox, Bartram's stonecrop, and the beardless chinchweed. In addition, the Center's members and staff use and enjoy these species' habitats for biological, scientific, research, educational, conservation, recreational, and aesthetic purposes. The Center's members have concrete plans to visit these species' habitats in the future.

11.     The Center and its members' interests in these species and their habitats depend upon the conservation of these species in the wild. Yet, unless these species and their habitats are promptly protected under the ESA, they will continue to decline and may go extinct. Out of these concerns, the Center and other interested persons have submitted petitions to the Service to extend the substantive protections of the ESA to these species by listing them as "endangered" or "threatened." Defendants' failure to comply with their nondiscretionary duties under the ESA deprives these species of statutory protections that are necessary to their survival and recovery. Until these species are protected under the ESA, the Center and its members' future interests in these species and/or their habitat are impaired.

12.     The Center and its members are injured by defendants' failure to publish timely listing decisions and critical habitat designations. Defendants' failure to act has delayed the application of the ESA's protections to these species, making the conservation of these species more difficult. These injuries are actual, concrete injuries that are presently suffered by the Center and its members, are directly caused by defendants' acts and omissions, and will continue

unless the Court grants relief. The relief sought would redress these injuries. The Center and its members have no adequate remedy at law.

13.     Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior charged with implementing the ESA for the species at issue in this suit, including through prompt compliance with the ESA's mandatory listing and critical habitat deadlines. The Secretary has delegated administration of the ESA to the Service. 50 C.F.R. § 402.01(b).

14.     Defendant MARTHA WILLIAMS is the acting Director of the U.S. Fish and Wildlife Service and is charged with ensuring agency decisions comply with the ESA. Plaintiff sues Defendant Williams in her official capacity.

15.     Defendant SECRETARY, U.S. DEPARTMENT OF THE INTERIOR ("Secretary") has the ultimate responsibility to administer and implement the provisions of the ESA regarding these species. Plaintiff sues the Secretary in their official capacity.

## STATUTORY FRAMEWORK

16.     The ESA is a comprehensive federal statute declaring that endangered and threatened species are of "esthetic, ecological, educational, historical, recreational, and scientific value to the Nation and its people." 16 U.S.C. § 1531(a)(3). The purpose of the ESA is to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species." *Id*. § 1531(b).

17.     The ESA has a suite of substantive legal protections that apply to "species," *id*. § 1532(16) (defining "species") once they are listed as endangered or threatened. For example,

section 4(a)(3) of the Act requires the Service to designate "critical habitat" for each endangered and threatened species. *Id*. § 1533(a)(3).

18.     In addition, ESA section 7(a)(2) requires all federal agencies to ensure that their actions do not "jeopardize the continued existence" of any endangered or threatened species or "result in the destruction or adverse modification" of any listed species' "critical habitat." *Id*. § 1536(a)(2). ESA section 9 prohibits, among other actions, "any person" from causing the "take" of any protected fish or wildlife without lawful authorization from the Service. *Id*. §§ 1538(a)(1)(B), 1539; *see also id*. § 1532(19) (defining "take"). Other provisions require the Service to "develop and implement" recovery plans for listed species, *id*. § 1533(f); authorize the Service to acquire land for the protection of listed species, *id*. § 1534; and authorize the Service to make federal funds available to states to assist in the conservation of endangered and threatened species, *id*. § 1535(d).

## A.     Listing Species as Endangered or Threatened Under the ESA

19.     The ESA defines a "species" as "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id*. § 1532(16). A "distinct population segment" of a species is also known as a "DPS."

20.     A species is "endangered" when it "is in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is "threatened" when it is "likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id*. § 1532(20).

21.     To ensure that endangered and threatened species are protected before it is too late, ESA section 4 sets forth a detailed process that requires that the Secretary list species as "endangered" or "threatened" based on five statutory categories of threats. *Id.* § 1533(a)(1).

22.     To ensure that listing decisions are timely, interested persons may petition the Service to list a species as endangered or threatened. In response, the Service must publish a series of three decisions according to statutory deadlines.

23.     First, within 90 days of receipt of a listing petition, the Service must, "to the maximum extent practicable," publish an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). This is known as the "90-day finding." If the Service finds in the 90-day finding that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected and the process concludes.

24.     If, as in this case, the Service determines that a petition does present substantial information indicating that listing "may be warranted," the agency must publish that finding and proceed with a scientific review of the species' status, known as a "status review." *Id.*

25.     Upon completing the status review, and within 12 months from receiving the petition, the Service must publish a "12-month finding" with one of three listing determinations, i.e. that either: (1) listing is "warranted"; (2) listing "not warranted"; or (3) listing is "warranted but precluded" by other proposals for listing species, provided certain circumstances are met. *Id.* § 1533(b)(3)(B). This is known as a listing determination.

26.     If the Service determines that listing is "warranted," the agency must publish that finding in the Federal Register along with the text of a proposed regulation to list the species as

endangered or threatened, and take public comments on the proposed listing rule. *Id.* § 1533(b)(3)(B)(ii).

27.    Within one year of publication of the proposed listing rule, the Service must publish in the Federal Register the final rule implementing its determination to list the species. *Id.* § 1533(b)(6)(A). This is known as a "final listing rule."

28.    If the Service finds there is substantial disagreement regarding the sufficiency or accuracy of the available data relevant to a listing determination, the Service may extend this one-year period by six months to solicit additional data. *Id.* § 1533(b)(6)(B)(i). However, before the expiration of that six months, the Service must publish either a final regulation or a notice of withdrawal. *Id.* § 1533(b)(6)(B)(ii)-(iii).

**B.    Critical Habitat Designations**

29.    "Critical habitat" includes specific areas occupied by the species with the "[p]hysical or biological features" that are "essential to the conservation of the species" and which "may require special management considerations or protection," as well as specific areas unoccupied by the species that "are essential for the conservation of the species." *Id*. § 1532(5)(A). "Conservation" means "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the Act] are no longer necessary." *Id.* § 1532(3).

30.    Critical habitat is crucial for the protection and recovery of listed species, particularly those threatened by historic and ongoing habitat loss or fragmentation. However, the ESA does not safeguard a species' critical habitat until the Service designates it. Accordingly, it is essential that the Service follow the Act's procedures and deadlines to ensure it designates critical habitat on a timely basis.

31.     With limited exceptions, the Service must designate critical habitat for a species "concurrently" with a listing determination, "to the maximum extent prudent and determinable," *id.* § 1533(a)(3)(A)(i).

32.     The Service may avoid designating critical habitat on the basis that it is "not prudent" only when: (1) the species is threatened by taking or other human activity and critical habitat may increase the risks to the species; (2) habitat loss is not a threat to the species, or cannot be addressed through section 7(a)(2) of the Act; (3) areas within U.S. jurisdiction provide negligible conservation value for species outside U.S. jurisdiction; (4) no areas qualify as "critical habitat"; or (5) the Service determines, based on the best scientific data available, that critical habitat would not be prudent. 50 C.F.R. § 424.12(a)(1).

33.     Unless the agency determines that critical habitat for a species is "not then determinable," the Service must publish the final rule designating critical habitat "concurrently with the final regulation implementing the determination that such species is endangered or threatened." *Id.* § 1533(b)(6)(C)(ii). If critical habitat is "not then determinable," the Service has up to one additional year to publish a final rule designating critical habitat. *Id.*

34.     Designation of critical habitat is "not determinable" only when "[d]ata sufficient to perform required analyses are lacking, or . . . [t]he biological needs of the species are not sufficiently well known to identify any area that meets the definition of 'critical habitat.'" 50 C.F.R. § 424.12(a)(2). If the Service decides that critical habitat is "not . . . determinable" at the time of listing the species, the agency may extend final rule by up to "one additional year," but by that point, it must publish the rule "based on such data as may be available at that time." 16 U.S.C. § 1533(b)(6)(C)(ii).

35.     If the Service finds that designating critical habitat is "not determinable" or "not prudent," it must "state the reasons for not designating critical habitat in the publication of proposed and final rules listing a species." *Id.* § 424.12(a).

36.     In requiring the designation of critical habitat concurrently with the species' listing determination, the ESA aims to ensure that all species at risk of extinction receive the Act's essential habitat protections in a timely manner. *Id.* § 1533(a)(3)(A), (b)(6)(A)(ii), (b)(6)(C); *see also id.* § 1531(b) (statutory directive to "provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved.").

## FACTUAL BACKGROUND

**A.     Overdue 12-Month Listing Determinations**

*Mojave poppy bee*

37.     The Mojave poppy bee is a rare pollen specialist that collects pollen from certain poppies that produce pollen but not nectar. Grazing, recreation, gypsum mining, competition from non-native honeybees, and insufficient regulatory mechanisms threaten the Mojave poppy bee. Due to these threats, the Center filed a petition seeking ESA protections for the Mojave poppy bee on October 17, 2018.

38.     On September 6, 2019, the Service issued a positive 90-day finding that listing the Mojave poppy bee may be warranted. 84 Fed. Reg. 46,927 (Sept. 6, 2019). This positive 90-day finding triggered defendants' duty to issue a 12-month finding by October 17, 2019. To date, defendants have failed to issue a 12-month listing determination for the Mojave poppy bee. Until defendants publish the 12-month listing determination and final listing rule, the Mojave poppy bee will decline toward extinction. There is no legal excuse for defendants' failure to act.

*Las Vegas bearpoppy*

39.     The Las Vegas bearpoppy is a plant that aids in soil retention and is essential to native bee species like the Mojave poppy bee. Grazing, gypsum mining, recreation, and insufficient regulatory mechanisms threaten the Las Vegas bearpoppy. Due to these threats, on August 19, 2019, the Center filed a petition seeking ESA protection for the Las Vegas bearpoppy.

40.     On July 22, 2020, the Service issued a positive 90-day finding that listing the Las Vegas bearpoppy may be warranted. 85 Fed. Reg. 44,265 (July 22, 2020). This positive 90-day finding triggered defendants' duty to issue a 12-month finding by August 19, 2020. To date, defendants have failed to issue a 12-month listing determination for the Las Vegas bearpoppy. Until defendants publish the 12-month listing determination and final listing rule, the Las Vegas bearpoppy will decline toward extinction. There is no legal excuse for defendants' failure to act.

*Gulf Coast solitary bee*

41.     The Gulf Coast solitary bee is a floral specialist that feeds exclusively on the Coastal Plain honeycombhead. Ongoing threats from urban expansion, climate change, recreation, pesticides, and insufficient regulatory mechanisms threaten the Gulf Coast solitary bee. Due to these threats, the Center filed a petition seeking ESA protection for the Gulf Coast solitary bee on April 2, 2019.

42.     On December 19, 2019, the Service issued a positive 90-day finding that listing the Gulf Coast solitary bee may be warranted. 84 Fed. Reg. 69,713 (Dec. 19, 2019). This positive 90-day finding triggered defendants' duty to issue a 12-month finding by April 2, 2020. To date, defendants have failed to issue a 12-month listing determination for the Gulf Coast solitary bee.

Until defendants publish the 12-month listing determination and final listing rule, the Gulf Coast solitary bee will decline toward extinction. There is no legal excuse for defendants' failure to act.

*Bethany Beach firefly*

43.     The Bethany Beach firefly is a critically imperiled beetle that has been documented at just seven locations along the Delaware coast. Climate change, urban development, recreation, pesticides, and insufficient regulatory mechanisms threaten the Bethany Beach firefly. Due to these threats, on May 20, 2019, the Center filed a petition seeking ESA protection for the Bethany Beach firefly.

44.     On December 19, 2019, the Service issued a positive 90-day finding that listing the Bethany Beach firefly may be warranted. *Id*. at 69,714-69,715. The positive 90-day finding triggered defendants' duty to issue a 12-month finding by May 20, 2020. To date, defendants have failed to issue a 12-month listing determination for the Bethany Beach firefly. Until defendants publish the 12-month listing determination and final listing rule, the Bethany Beach firefly will decline toward extinction. There is no legal excuse for defendants' failure to act.

**B.     Overdue Final Listing Rules**

*Franklin's bumble bee*

45.     The Franklin's bumble bee is a generalist forager that holds the distinction of having the narrowest distribution of any bumble bee in the world. Franklin's bumble bee is feared extinct because of disease from commercial bumble bee colonies, expansion of agriculture, improper and excessive use of pesticides, and invasive species. Due to these threats, on June 28, 2010, The Xerces Society for Invertebrate Conservation and Dr. Robbin W. Thorp filed a petition seeking ESA protection for Franklin's bumble bee.

46.     On September 13, 2011, the Service issued a positive 90-day finding that listing Franklin's bumble bee may be warranted. 76 Fed. Reg. 56,381 (Sept. 13, 2011). On August 13, 2019, the Service proposed to list Franklin's bumble bee as an "endangered" species under the ESA and found that designating critical habitat was not prudent. 84 Fed. Reg. 40,006 (Aug. 13, 2019). The Service's publication of the proposed rule triggered its duty to publish the final listing rule by August 13, 2020. To date, defendants have failed to publish a final listing rule for Franklin's bumble bee. Until defendants publish the final listing rule, Franklin's bumble bee will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

*The Sierra Nevada DPS of the Sierra Nevada red fox*

47.     The Sierra Nevada DPS of the Sierra Nevada red fox is a subspecies of red fox and is restricted to a single known population near Sonora Pass, CA. Climate change, habitat destruction, fragmentation, and diseases from domestic dogs continue to harm the Sierra Nevada red fox DPS. Due to these threats, on April 27, 2011, the Center filed a petition seeking ESA protection for the Sierra Nevada red fox DPS.

48.     On January 3, 2012, the Service issued a positive 90-day finding that listing may be warranted under the ESA for the Sierra Nevada red fox DPS. 77 Fed. Reg. 45 (Jan. 3, 2012). On October 8, 2015, the Service issued a positive 12-month finding. 80 Fed. Reg. 60,990 (Oct. 8, 2015). With the 12-month finding, the Service determined that listing was "warranted but precluded" for the Sierra Nevada red fox DPS by higher priority listing actions. *Id.* The Service continued to recognize that the Sierra Nevada red fox DPS warranted listing due to ongoing and imminent threats in 2015, 2016, and 2019. The Service issued a Candidate Notice of Review ("CNOR") that included the Sierra Nevada red fox DPS. 80 Fed. Reg. 80,583 (Dec. 24, 2015); 81 Fed Reg. 87,246 (Dec. 2, 2016); 84 Fed. Reg. 54,732 (Oct. 10, 2019).

49.     A proposed listing for the Sierra Nevada red fox DPS as endangered was not issued until January 8, 2020. 85 Fed. Reg. 862 (Jan. 8, 2020). The proposed rule found that the designation of critical habitat was not prudent. *Id.* The 2020 proposed listing triggered a mandatory duty for the Service to publish the final listing rule by January 8, 2021. 16 U.S.C. § 1533(b)(6)(A)(i). To date, defendants have failed to publish a final listing rule on the Sierra Nevada red fox DPS. Until defendants publish the final listing rule and critical habitat designation, the Sierra Nevada red fox DPS will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

*Bartram's stonecrop*

50.     Bartram's stonecrop is a rare succulent severely threatened by collection and habitat destruction. Four populations were recently lost due to the drying of habitat. Drying, livestock grazing, and recreation continue to harm the species. Due to these threats, on July 7, 2010, the Center filed a petition seeking ESA protection for Bartram's stonecrop.

51.     On August 8, 2012, the Service issued a positive 90-day finding that listing may be warranted under the ESA for Bartram's stonecrop. 77 Fed. Reg. 47,352 (Aug. 8, 2012). On December 6, 2019, Bartram's stonecrop was proposed for listing as threatened. 84 Fed. Reg. 67,060 (Dec. 6, 2019). The proposed rule found the designation of critical habitat not prudent. *Id.* The 2019 proposed listing triggered a mandatory requirement that the Service publish a determination by December 6, 2020. 16 U.S.C. § 1533(b)(6)(A)(i) To date, defendants have failed to publish the final listing rule on Bartram's stonecrop. Until defendants publish the final listing rule, Bartram's stonecrop will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

**C.      Publish the final listing rules and Critical Habitat Designations**

*Beardless chinchweed*

52.      The beardless chinchweed is a perennial of the sunflower family. Nonnative species invasion, drought, and livestock grazing continue to harm the species. Due to these threats, on July 7, 2010, the Center filed a petition seeking ESA protection for the beardless chinchweed.

53.      On August 8, 2012, the Service issued a positive 90-day finding that listing the beardless chinchweed may be warranted. 77 Fed. Reg. 47,352. On December 6, 2019, the Service published a determination and proposed rule to list the beardless chinchweed as endangered along with a proposed rule to designate approximately 10,604 acres in southern Arizona as critical habitat. 84 Fed. Reg. 67,060. The 2019 proposals triggered a mandatory duty to publish final listing rule and final rule designating critical habitat for the beardless chinchweed by December 6, 2020. 16 U.S.C. § 1533(b)(6)(A). To date, defendants have failed to publish the final listing rule or critical habitat designation on the beardless chinchweed. Until defendants publish the final listing rule and critical habitat designation, the beardless chinchweed will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

*Hermes copper butterfly*

54.      The Hermes copper butterfly is a species of butterfly only found in Mexico and California. Urban development, climate change, fire, and drought continue to harm the species. Due to these threats, on October 26, 2004, the Center filed a petition seeking ESA protection for the Hermes copper butterfly.

55.      On May 4, 2010, the Service published a positive 90-day finding that listing the Hermes copper butterfly under the ESA may be warranted. 75 Fed. Reg. 23,654 (May 4, 2010).

On April 14, 2011, the Service published a determination that listing the Hermes copper butterfly, was warranted but precluded by higher-priority actions. 76 Fed. Reg. 20,918 (Apr. 14, 2011). The Hermes copper butterfly remained a candidate for promulgation of a listing rule until January 8, 2020, when the Service published a proposed rule to list the Hermes copper butterfly as a threatened species, along with a proposed rule to designate approximately 14,249 hectares of critical habitat in San Diego County, California. 85 Fed. Reg. 1018 (Jan. 8, 2020). The Service's publication of these proposed rules triggered a mandatory duty to publish the final rules listing and designating critical habitat for the Hermes copper butterfly by January 8, 2021. 16 U.S.C. § 1533(b)(6)(A). To date, defendants have failed to publish final rules listing the Hermes copper butterfly or designating critical habitat for this species. Until defendants publish these final rules, the Hermes copper butterfly will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

**D.      Publish Proposed and Subsequent Final Rules Designating Critical Habitat**

*Big Pine partridge pea, Blodgett's silverbush, sand flax, and the wedge spurge*

56.      On May 11, 2004, the Center filed a petition seeking ESA protection for the Big Pine partridge pea, Blodgett's silverbush, sand flax, and the wedge spurge. The Big Pine partridge pea is a small shrub found only in the pine rocklands of the Big Pine Key and Cudjoe Key. Blodgett's silverbush is a woody shrub that grows in the pine rocklands of Monroe and Miami-Dade counties, but has become increasingly rare. The sand flax is a small, perennial herb found in pine rocklands in Monroe and Miami-Dade counties, and its populations are declining. The wedge spurge is a small, perennial herb that is found in pine rocklands and roadsides on Big Pine Key, where its population is declining.

57.     On September 29, 2015, the Service published listing determinations and proposed rules to list the Big Pine partridge pea, Blodgett's silverbush, sand flax, and wedge spurge under the ESA, but did not concurrently publish a proposed rule designating critical habitat at that time, claiming that the "specific information sufficient to perform the required analysis...is currently lacking." 80 Fed. Reg. 58,536 (Sept. 29, 2015). On September 29, 2016, the Service published final rules listing the Big Pine partridge pea, Blodgett's silverbush, sand flax, and wedge spurge, but at that time, the agency did not publish a final rule to designate critical habitat for these species. 81 Fed. Reg. 66,842 (Sept. 29, 2016). Rather, the Service maintained that critical habitat was not determinable. *Id.* at 66,864. The Service's "not determinable" findings gave the agency until September 29, 2017 to designate critical habitat. 16 U.S.C. § 1533(b)(6)(C)(ii). To date, defendants have failed to publish proposed or final rules designating critical habitat for these four plants. Until defendants publish a final rule designating critical habitat, these four plants will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

*Florida pineland crabgrass, Florida prairie clover, pineland sandmat, and the Everglades bully*

58.     On May 4, 2004, the Service designated the Everglades bully as a candidate species on its own initiative. 69 Fed. Reg. 24,876 (May 4, 2004). On May 11, 2004, the Center filed a petition seeking ESA protections for the Florida pineland crabgrass, the Florida prairie-clover, and the pineland sandmat. The Everglades bully is native to Miami-Dade County and is only found in pine rocklands. The Florida pineland crabgrass only occurs in the Everglades in Miami-Dade and Monroe counties. It was first identified as needing endangered species protection in 1975. The Florida prairie-clover is a member of the pea family and grows up to 6 feet tall in pine rocklands and coastal uplands. The Pinelands sandmat is perennial herb with a

red stem and delicate, yellow flowers. Habitat loss, modification, isolation, a small population

size, and inability to recolonize continue to harm all four species. On October 11, 2016, the

Service proposed listing the Everglades bully, Florida pineland crabgrass, Florida prairie-clover,

and the pineland sandmat under the ESA, but did not propose designating critical habitat at that

time. 81 Fed. Reg. 70,282 (Oct. 11, 2016). On October 6, 2017, the Service listed the Everglades

bully, Florida pineland crabgrass, Florida prairie-clover, and pineland sandmat. 82 Fed. Reg.

46,691 (Oct. 6, 2017). However, the Service did not designate critical habitat at that time, instead

stating that critical habitat was not determinable. *Id.* The Service's "not determinable" finding

gave the agency one year from the final listing, for a deadline of October 6, 2018. 16 U.S.C. §

1533(b)(6)(C)(ii). To date, defendants have failed to propose or finalize critical habitat for these

four plants. Until defendants publish a final rule designating critical habitat, these four plants will

continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

*Pearl darter*

59.    The Pearl darter is a species of fish that is now only found in scattered locations in

the Pascagoula River, where it faces an increased threat of extinction. The darter's limited

geographic range, fragmented distribution in the Pascagoula River system, small population, and

low genetic diversity threatens this species' long-term viability. Due to these threats, on May 11,

2004, the Center filed a petition seeking ESA protection for the Pearl darter.

60.    On September 21, 2016, the Service proposed listing the Pearl darter, 81 Fed.

Reg. 64,857 (Sept. 21, 2016), and on September 20, 2017, the Service issued a final rule listing

the Pearl darter as threatened under the ESA. 82 Fed. Reg. 43,885 (Sept. 20, 2017). The Service

did not include a critical habitat designation at the time of listing because the Service found

critical habitat "not determinable" due to lack of information needed to "perform the required

analysis." *Id*. at 43,895. The Service's "not determinable" finding gave the agency one year from the final listing, for a deadline of September 20, 2018. 16 U.S.C. § 1533(b)(6)(C)(ii).

61.     To date, defendants have failed to propose or finalize critical habitat for the Pearl darter. Until defendants publish a final rule designating critical habitat, the Pearl darter will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

**E.     Publish Final Rules Designating Critical Habitat**

*Suwannee moccasinshell*

62.     The Suwannee moccasinshell is a small freshwater mussel. Degradation of its stream habitat due to polluted runoff from agricultural lands, discharges from industrial and municipal wastewater sources and from mining operations, and decreased flows due to groundwater extraction and drought continue to harm the Suwanee moccasinshell. Due to these threats, on April 20, 2010, the Center filed a petition seeking ESA protection for the Suwannee moccasinshell.

63.     On October 6, 2015, the Service proposed listing the Suwannee moccasinshell, but found that designation of critical habitat was prudent but not determinable. 80 Fed. Reg. 60,335 (Oct. 6, 2015). On October 6, 2016, the Service issued a final rule listing the Suwannee moccasinshell as threatened under the ESA and concluded that critical habitat was not determinable. 81 Fed. Reg. 69,417 (Oct. 6, 2016).

64.     Pursuant to a settlement agreement, the Service published a proposed rule designating critical habitat for the Suwannee moccasinshell on November 27, 2019. 84 Fed. Reg. 65,325 (Nov. 27, 2019). Publication of the Service's final rule designating critical habitat for the Suwanee moccasinshell was due November 27, 2020. 16 U.S.C. § 1533(b)(6)(C)(ii).

65. To date, the Service has not issued a final rule designating critical habitat for the Suwannee moccasinshell. Until defendants publish a final rule designating critical habitat, the Suwannee moccasinshell will continue to decline toward extinction. There is no legal excuse for defendants' failure to act.

## CLAIMS FOR RELIEF
### First Claim for Relief: Failure to Publish a Timely 12-Month Listing Determination for the Mojave Poppy Bee

66. The Center re-alleges the allegations in all preceding paragraphs.

67. Defendants' failure to perform their nondiscretionary duty to publish a timely 12-month listing determination on the petition to list the Mojave poppy bee as endangered or threatened violates the ESA. 16 U.S.C. § 1533(b)(3)(B).

### Second Claim for Relief: Failure to Publish a Timely 12-Month Listing Determination for the Las Vegas Bearpoppy

68. The Center re-alleges the allegations in paragraphs in all preceding paragraphs.

69. Defendants' failure to perform their nondiscretionary duty to publish a timely 12-month listing determination on the petition to list the Las Vegas Bearpoppy as endangered or threatened violates the ESA. 16 U.S.C. § 1533(b)(3)(B).

### Third Claim for Relief: Failure to Publish a Timely 12-Month Listing Determination for the Gulf Coast Solitary Bee

70. The Center re-alleges the allegations in all preceding paragraphs.

71. Defendants' failure to perform their nondiscretionary duty to publish a timely 12-month listing determination on the petition to list the Gulf Coast Solitary Bee as endangered or threatened violates the ESA. 16 U.S.C. § 1533(b)(3)(B).

**Fourth Claim for Relief: Failure to Publish a Timely 12-Month Listing Determination for the Bethany Beach Firefly**

72.     The Center re-alleges the allegations in all preceding paragraphs.

73.     Defendants' failure to perform their nondiscretionary duty to publish a timely 12-month listing determination on the petition to list the Bethany Beach Firefly as endangered or threatened violates the ESA. 16 U.S.C. § 1533(b)(3)(B).

**Fifth Claim for Relief: Failure to Publish Final Listing Rule and Critical Habitat Designation for the Hermes Copper Butterfly**

74.     The Center re-alleges the allegations in all preceding paragraphs.

75.     Defendants' failure to perform their nondiscretionary duty to publish the final listing rule and critical habitat designation for the Hermes copper butterfly violates the ESA. 16 U.S.C. § 1533(b)(6)(A) and (b)(6)(B)(iii).

**Sixth Claim for Relief for Relief: Failure to Publish Final Listing Rule and Critical Habitat Designation for the Beardless Chinchweed**

76.     The Center re-alleges the allegations in all preceding paragraphs.

77.     Defendants' failure to perform their nondiscretionary duty to publish the final listing rule and critical habitat designation for the beardless chinchweed violates the ESA. 16 U.S.C. § 1533(b)(6)(A) and (b)(6)(B)(iii).

**Sixth Claim for Relief for Relief: Failure to Publish Final Listing Rule and Critical Habitat Designation for the Beardless Chinchweed**

78.     The Center re-alleges the allegations in all preceding paragraphs.

79.     Defendants' failure to perform their nondiscretionary duty to publish the final listing rule and critical habitat designation for the beardless chinchweed violates the ESA. 16 U.S.C. § 1533(b)(6)(A) and (b)(6)(B)(iii).

### Seventh Claim for Relief: Failure to Publish Final Listing Rule
### for the Franklin's Bumble Bee

80.     The Center re-alleges the allegations in all preceding paragraphs.

81.     Defendants' failure to perform their nondiscretionary duty to publish the final

listing rule for Franklin's bumble bee, violates the ESA. 16 U.S.C. § 1533(b)(6)(A).

### Eighth Claim for Relief: Failure to Publish Final Listing Rule
### for the Sierra Nevada Red Fox DPS

82.     The Center re-alleges the allegations in all preceding paragraphs.

83.     Defendants' failure to perform their nondiscretionary duty to publish the final

listing rule for the Sierra Nevada Red Fox DPS, violates the ESA. 16 U.S.C. § 1533(b)(6)(A).

### Ninth Claim for Relief: Failure to Publish Final Listing Rule for the Bartram's Stonecrop

84.     The Center re-alleges the allegations in all preceding paragraphs.

85.     Defendants' failure to perform their nondiscretionary duty to publish the final

listing rule for Bartram's Stonecrop, violates the ESA. 16 U.S.C. § 1533(b)(6)(A).

### Tenth Claim for Relief: Failure to Designate Critical Habitat
### for the Big Pine Partridge Pea

86.     The Center re-alleges the allegations in all preceding paragraphs.

87.     Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the Big Pine partridge pea violates the ESA. 16 U.S.C. § 1533(b)(6) (C)(ii).

### Eleventh Claim for Relief: Failure to Designate Critical Habitat
### For the Blodgett's Silverbush

88.     The Center re-alleges the allegations in all preceding paragraphs.

89.     Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for Blodgett's silverbush violates the ESA. 16 U.S.C. § 1533(b)(6) (C)(ii).

**Twelfth Claim for Relief: Failure to Designate Critical Habitat
for the Sand Flax**

90.     The Center re-alleges the allegations in all preceding paragraphs.

91.     Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the sand flax violates the ESA. 16 U.S.C. § 1533(b)(6) (C)(ii).

**Thirteenth Claim for Relief: Failure to Designate Critical Habitat
for the Wedge Spurge**

92.     The Center re-alleges the allegations in all preceding paragraphs.

93.     Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the wedge spurge violates the ESA. 16 U.S.C. § 1533(b)(6) (C)(ii).

**Fourteenth Claim for Relief: Failure to Designate Critical Habitat
for the Everglades Bully**

94.     The Center re-alleges the allegations in all preceding paragraphs.

95.     Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the Everglades bully violates the ESA. 16 U.S.C. § 1533(b)(6) (C)(ii).

**Fifteenth Claim for Relief: Failure to Designate Critical Habitat
for the Florida Pineland Crabgrass**

96.     The Center re-alleges the allegations in all preceding paragraphs.

97.     Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the Florida pineland crabgrass violates the ESA. 16 U.S.C. § 1533(b)(6) (C)(ii).

**Sixteenth Claim for Relief: Failure to Designate Critical Habitat
for the Florida Prairie-Clover**

98.     The Center re-alleges the allegations in all preceding paragraphs.

99.     Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the Florida prairie-clover violates the ESA. 16 U.S.C. § 1533(b)(6) (C)(ii).

**Seventeenth Claim for Relief: Failure to Designate Critical Habitat
for the Pineland Sandmat**

100.    The Center re-alleges the allegations in all preceding paragraphs

101.    Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the Pineland sandmat violates the ESA. 16 U.S.C. § 1533(b)(6)(C)(ii).

**Eighteenth Claim for Relief: Failure to Designate Critical Habitat
for the Pearl Darter**

102.    The Center re-alleges the allegations in all preceding paragraphs.

103.    Defendants' failure to perform their nondiscretionary duty to designate critical

habitat for the and Pearl darter violates the ESA. 16 U.S.C. § 1533(b)(6)(C)(ii).

**Nineteenth Claim for Relief: Failure to Publish Final Rule
Designating Critical Habitat for the Suwannee Moccasinshell**

104.    The Center re-alleges the allegations in all preceding paragraphs.

105.    Defendants' failure to publish a final rule designating critical habitat for the

Suwannee moccasinshell violates the ESA. 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(A)(ii), (b)(6)(C).

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment providing the following

relief:

A.    Declare that defendants have violated the ESA by failing to issue timely 12-month

listing determinations in response to the petitions to list the Mojave poppy bee, Las Vegas

bearpoppy, Gulf Coast solitary bee, and Bethany Beach firefly as endangered or threatened under

the ESA;

B.    Provide injunctive relief compelling defendants to publish in the Federal Register

12-month listing determinations on the petition to list the Mojave poppy bee, Las Vegas bear-

poppy, Gulf Coast solitary bee, and Bethany Beach firefly by dates certain;

C.      Declare that defendants have violated the ESA by failing to publish timely final listing rules for the Hermes copper butterfly and the beardless chinchweed;

D.      Issue injunctive relief compelling defendants to publish in the Federal Register the final listing rules for the Hermes copper butterfly and the beardless chinchweed by dates certain;

E.      Declare that defendants have violated the ESA by failing to publish final rule designating critical habitat for the Hermes copper butterfly and the beardless chinchweed;

F.      Issue injunctive relief compelling defendants to publish in the Federal Register final rules designating critical habitat for the Hermes copper butterfly and the beardless chinchweed by dates certain;

G.      Declare that defendants have violated the ESA by failing to publish final rules listing the Franklin's bumble bee, Sierra Nevada red fox DPS, and Bartram's stonecrop;

H.      Issue injunctive relief compelling defendants to publish in the Federal Register final rules listing the Franklin's bumble bee, Sierra Nevada red fox DPS, and Bartram's stonecrop by dates certain;

I.      Declare that defendants have violated the ESA by failing to publish critical habitat designations for the Big Pine partridge pea, Blodgett's silverbush, sand flax, wedge spruge, Everglades bully, Florida pineland crabgrass, Florida prairie-clover, Pineland sandmat, and Pearl darter by dates certain;

J.      Issue injunctive relief compelling defendants to publish critical habitat designations for the Big Pine partridge pea, Blodgett's silverbush, sand flax, wedge spruge, Everglades bully, Florida pineland crabgrass, Florida prairie-clover, Pineland sandmat, and Pearl darter by dates certain;

K.      Declare that defendants have violated the ESA by failing to publish the final rule designating critical habitat for the Suwannee moccasinshell;

L.      Provide injunctive relief compelling defendants to designate final critical habitat for the Suwannee moccasinshell by a date certain;

M.      Retain continuing jurisdiction to review defendants' compliance with all judgments and orders herein;

N.      Grant plaintiff its reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. § 1540(g)(4); and

O.      Provide such other relief as the Court deems just and proper.

DATED this 15th day of April, 2021.            Respectfully submitted,

                                                */s/ Amy R. Atwood*
                                                Amy R. Atwood (DC Bar No. 470258)
                                                CENTER FOR BIOLOGICAL DIVERSITY
                                                P.O. Box 11374
                                                Portland, OR 97211
                                                Tel: 971-717-6701
                                                Email: atwood@biologicaldiversity.org

                                                Camila Cossio (OR Bar No. 191504)
                                                *seeking admission pro hac vice*
                                                CENTER FOR BIOLOGICAL DIVERSITY
                                                P.O. Box 11374
                                                Portland, OR 97211
                                                Tel: 971-717-6727
                                                Email: ccossio@biologicaldiversity.org

                                                *Attorneys for Plaintiff*